IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CALVIN MOORE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:15-cv-379 (MTT) |
| | ) |
| GREGORY MCLAUGHLIN, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Petitioner Calvin Moore was convicted of murder, felony murder, and aggravated assault in Tift County, Georgia, for which he received a life sentence. Doc. 10-13 at 129, 134. Following a direct appeal and his state habeas action, Moore, currently confined at Macon State Prison, filed this action pro se seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Moore challenged his conviction based on three claims of ineffective assistance of counsel—trial counsel: (1) failed to contest his arrest warrant; (2) failed to adequately cross-examine the state's fingerprint expert; and (3) failed to suppress the fingerprint expert's testimony. Doc. 1 at 2-7; *see also* Doc. 13 at 7. The Court adopted the Magistrate Judge's recommendation denying claims two and three on the merits and dismissing claim one as procedurally barred. Doc. 13 at 1, *adopted by* Doc. 15 at 1.

Moore has filed a motion for reconsideration (Doc. 17-2) as well as an amendment thereto (Doc. 20), seeking reconsideration of the Court's judgment denying him a writ of habeas corpus (Doc. 16). Docs. 17-2 at 1; 20 at 1. Moore claims that the Court ruled on claims he did not raise and failed to rule on the claims that he did raise. Docs. 17-2 at 1, 3-4; 20 at 1, 4-5. For the following reasons, Moore's motion for

reconsideration (Doc. 17-2, *as amended by* Doc. 20) is **DENIED** in part and **DISMISSED** in part.

## I.  LEGAL STANDARDS

Pursuant to Local Rule 7.6, "Motions for Reconsideration *shall not be filed as a matter of routine practice*." M.D. Ga., L.R. 7.6 (emphasis added). Indeed, "[r]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id.* "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate [his] prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), when a petitioner seeks to challenge a prior habeas decision through a motion for reconsideration, the Court must "must look beyond the label" to determine if he is actually seeking relief under § 2254 itself. *U.S. v. Robinson*, 579 F. App'x 739, 741 (11th Cir. 2014); *see also Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005). "A Rule 60(b) motion, which asserts a claim for relief, rather than pointing out a defect in the integrity of the earlier . . . proceeding . . . is the equivalent of a second or successive motion and . . . [must be] dismissed . . . for lack of subject-matter jurisdiction." *Robinson*, 579 F. App'x at 741-42 (citation and quotations omitted); *see also Gonzalez*, 545 U.S. at 532.[1]

---

[1] Under 28 U.S.C. § 2244, in order to file a second or successive § 2254 motion, "the movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it." *Farris v. U.S.*, 333 F.3d 1211, 1216 (11th Cir. 2003) (citing 28 U.S.C. § 2244(b)(3)(A)).

## II. MOORE'S MOTION

Construing Moore's motion liberally, he alleges that the resolution of his initial § 2254 motion suffered from a defect in the proceedings in that the Court failed to consider his "factual claim of void conviction." Moore complains that the Court failed to rule on this claim, which, if considered, would have shown that "the customary procedural default rule . . . doesn't apply . . . ." Doc. 17-2 at 4; *see also* Doc. 20 at 4-5 (arguing that procedural default does not apply to his "factual claim of void conviction").

As noted above, the Court only found one of Moore's claims to be procedurally barred—his claim that trial counsel failed to contest his arrest warrant. As the Magistrate Judge noted:

> Petitioner's allegation regarding this arrest asserts that the magistrate judge issuing the warrant was not supplied "with sufficient information to support an independent judgment that probable cause existed for the issuance of the warrant." Doc. 1, p. 24. Petitioner further asserts that trial counsel failed to investigate the basis of the warrant and was ineffective for failing to do so.

Doc. 13 at 9-10.

Moore did timely raise an argument that his conviction was void (*see* Docs. 11 at 12; 12 at 2), and neither the Magistrate Judge nor the Court *expressly* discussed voidness (*see* Docs. 13; 15). However, in his objection to the Magistrate Judge's recommendation, Moore made clear that his "factual claim of a void conviction" was "cause" to relieve his procedural default. Doc. 14 at 4-5. In his Recommendation, the Magistrate Judge recognized that procedural default of an ineffective assistance of counsel claim can be overcome through a showing of cause and prejudice, and addressed that issue thoroughly. Doc. 13 at 10-13 (citing *Henderson v. Campbell*, 353

---

Absent such an order of authorization, a "district court lacks jurisdiction to consider [a petitioner's] second or successive" motion to vacate. *Boykin v. U.S.*, 592 F. App'x 809, 811 (11th Cir. 2014) (citing *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005)).

F.3d 880, 892 (11th Cir. 2003)).  The Court correctly found that Moore failed to show cause and prejudice for his procedural default, despite Moore's 'factual claim of void conviction."

In Moore's words, the Court failed to address his "factual claim of void conviction," of "ineffective assistance of trial counsel in that counsel failed to make minimal inquiries which would have revealed that Petitioner's arrest was predicated upon a warrant without a showing of probable cause."  Doc. 17-2 at 3.  Moore also argues a "factual claim of a void conviction by showing that he was convicted upon an allege latent print match that had been re-examined/compared again thirteen times and declared insufficient evidence by the state's own expert fingerprint witness."  *Id.* at 4.  Moore cites to various cases from the Supreme Court of Georgia for the proposition that a "void conviction" is not subject to Georgia's procedural default rule.  While this is true, it is irrelevant here.

Under Georgia law, Georgia's procedural default rule "does not apply to a claim that a criminal conviction or sentence was void on jurisdictional or other grounds." *Tolbert v. Toole*, 296 Ga. 357, 361 n.8 (2014) (citations omitted).  However, a defendant cannot circumvent Georgia's procedural rules "simply by dressing it up as a claim that his sentence was void."  *von Thomas v. State*, 293 Ga. 569, 572, 748 S.E.2d 446, 449 (2013).  Under Georgia law,

> [A] sentence is void if the court imposes punishment that the law does not allow. Whether a sentence amounts to "punishment that the law does not allow" depends not upon the existence or validity of the factual or adjudicative predicates for the sentence, but whether the sentence imposed is one that legally follows from a finding of such factual or adjudicative predicates.

*Garza v. State*, 325 Ga. App. 505, 506, 753 S.E.2d 651, 653 (2014) (quoting *von Thomas*, 293 Ga. at 571-72, 748 S.E.2d at 446 (headnotes)).

Moore's claims, though dressed up in the garb of "voidness," do not fall within this category, and are barred by Georgia's procedural default rule.  *Cf. Brown v. State*, 297 Ga. App. 738, 739-40, 678 S.E.2d 172, 173-74 (2009) (challenges to sufficiency of evidence, trial court evidentiary rulings, and effectiveness of trial counsel did "not raise any errors that would void . . . conviction").

### III.  CONCLUSION

Accordingly, to the extent Moore's motion for reconsideration (Doc. 17-2, *as amended by* Doc. 20) is based on assertions that the Court failed to consider all claims raised in his initial habeas action, it is **DENIED**.  Moore's voidness argument does not raise a debatable issue meriting a certificate of appealability,[2] accordingly Moore is **DENIED** a COA.[3]

To the extent that Moore seeks to assert claims not addressed in his original Petition, his motion must be construed as a second or successive petition.  Because nothing in the record indicates that Moore has received prior authorization from the Eleventh Circuit to file such a Petition, this Court lacks jurisdiction to consider any such claims and they are **DISMISSED**.

---

[2]  *See generally* 28 U.S.C. § 2253(c)(2) (stating that a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right"); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (stating that when the Court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the petitioner must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling;" and (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right").

[3]  The Court already denied a COA as to all of Moore's claims, including his cause and prejudice gateway claim.  *See* Doc. 13 at 17, *adopted by* Doc. 15 at 1; *see also* 28 U.S.C.A. § 2253(c)(1) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court . . . ."); Rule 11, Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."); *Hamilton v. Sec'y, Fla. Dep't of Corr.*, 793 F.3d 1261, 1265 (11th Cir. 2015) ("[A] COA is required before a habeas petitioner may appeal the denial of a Rule 60(b) motion.").

Finally, Moore's *Motion to Obtain Status of Petitioner's Motion for Ruling Correction* (Doc. 19) is resolved by this Order. The Clerk of Court is **DIRECTED** to administratively terminate that motion.

**SO ORDERED**, this 9th day of March, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
